IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Suzanne Donahue,                        :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :    345 C.D. 2024
                        Respondent      :    Submitted: April 8, 2025

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: May 8, 2025


            Suzanne Donahue (Claimant) petitions *pro se* for review of the order of
the Unemployment Compensation Board of Review (Board) dated December 20,
2023 (Board Order), which affirmed a Referee's Decision dated May 3, 2023
(Referee's Decision). The Referee's Decision affirmed three Department of Labor
and Industry (Department) Notices of Determination issued on December 30, 2022,
that found Claimant ineligible for Pandemic Unemployment Assistance (PUA)[1]
benefits from October 25, 2020, through September 4, 2021, pursuant to Section
2102(a)(3) of the Coronavirus Aid, Relief, and Economic Security Act of 2020

---

[1] The Department's December 30, 2022 Pandemic Unemployment Disqualifying
Determination Notice (Disqualifying Notice) explained that PUA benefits are available only when
no other program eligibility is available and further explained that Claimant was eligible for
UC/EUC/SB benefits in the state of Pennsylvania. *See* Disqualifying Notice, Certified Record at
52.

(CARES Act),[2] 15 U.S.C. § 9021(a)(3); denied Federal Pandemic Unemployment Compensation (FPUC) benefits;[3] and assessed PUA and FPUC fraud overpayments in the respective amounts of $9,585 and $10,800 (collectively, the Department Determinations). Upon review, we affirm.

Claimant initially applied for PUA benefits with an application effective on October 30, 2020. *See* Referee's Decision at 2, Findings of Fact (F.F.) No. 1.[4] Thereafter, Claimant received PUA benefits totaling $9,585 for the weeks ending October 31, 2020, through September 4, 2021, based on a weekly benefit rate of $213 and a partial benefit credit of $64. *See* Referee's Decision at 2, F.F. Nos. 2 & 7. Claimant also received $10,800 in corresponding FPUC benefits for the same time period. *See* Referee's Decision at 2, F.F. No. 8. However, on December 30, 2022, the Department issued the three Department Determinations: the first found Claimant ineligible for benefits because she had other program eligibility available during the weeks at issue; the second and third Department Determinations then denied Claimant benefits for the weeks at issue and issued fraud PUA and FPUC overpayments in the amounts noted above. *See* Referee's Decision at 2, F.F. Nos. 5-6; *see also* Department Determinations, Certified Record (C.R.) at 25-61.

---

[2] 15 U.S.C. §§ 9001-9034.

[3] Under the CARES Act, FPUC benefits were additional benefits available for specified weeks to any individual eligible for other forms of benefits, including normal unemployment compensation benefits, extended benefits, or federal benefits, including PUA benefits. *See* Section 2104 of the CARES Act, 15 U.S.C. § 9023.

[4] While the Referee's Decision states that Claimant filed her application for PUA benefits on March 8, 2020, *see* Referee's Decision at 2, Findings of Fact No. 1, the Certified Record reveals that Claimant actually filed her application on October 30, 2020. *See* Certified Record at 3.

Claimant appealed the Department Determinations and a Referee conducted a hearing on May 1, 2023, which Claimant attended telephonically. *See* Referee's Decision at 1; *see also* Transcript of Testimony, Referee Hearing May 1, 2023 (N.T.). On May 3, 2023, the Referee issued the Referee's Decision that affirmed the Department Determinations that Claimant was ineligible for PUA benefits and establishing the PUA and FPUC fraud overpayments. *See* Referee's Decision, C.R. at 102-06. The Referee's Decision explained the Referee's reasoning for affirming the Department Determinations as follows:

> In the present case, the Claimant is financially eligible for regular [unemployment compensation (]UC[)] benefits. The Claimant referenced her UC claim several times during the hearing. The Referee rejects Claimant's inconsistent and contradictory testimony as not credible. Therefore, the Claimant is ineligible for PUA benefits under the provisions of Section 2102 of the CARES Act of 2020.
>
> Section 2104 of the CARES Act of 2020 allows for a $600 payment for any week during a specified period where the Claimant is eligible for benefits under regular state-paid UC, Pandemic Unemployment Assistance (PUA), or Extended Benefit (ES/SB) period.
>
> Since the Claimant is ineligible for the PUA benefits for the weeks at issue, the Claimant is ineligible for FPUC benefits under Section 2104 of the CARES Act of 2020.
>
> Section 2102(h) of the CARES Act of 2020 allows for penalty, recovery, and repayment of [] UC benefits received due to fraud on the part of the Claimant.
>
> Since the Claimant is ineligible for the PUA benefits that were received, an overpayment must be established. The Referee is able to conclude that the Claimant engaged in

3

fraud in order to receive the benefits by not answering [that] she was working and she did not report her weekly wages. Therefore, a fraud overpayment is established under the provisions of Section 2102(h) of the CARES Act of 2020.

Section 2104(f)(1), (2), and (3) of the CARES Act of 2020 allows for penalty, recovery, and repayment of [] UC benefits received due to fraud on the part of the Claimant.

Since the Claimant is ineligible for the FPUC benefits that were received, an overpayment must be established. The Referee is able to conclude that the Claimant engaged in fraud in order to receive the benefits by not answering [that] she was working and she did not report her weekly wages. Therefore, a fraud overpayment is established under the provisions of Section 2104(f)(2), and (3) of the CARES Act.

Referee's Decision at 4., C.R. at 105.

Claimant timely appealed the Referee's Decision to the Board, which affirmed the Referee's Decision by decision and order dated December 20, 2023.[5] *See* Board Order at 1-2. Claimant now petitions this Court for review of the Board Order.[6]

---

[5] The Board Order adopted and incorporated the findings and conclusions contained in the Referee's Decision and entered the following order: "The decision of the Referee is affirmed. Benefits are denied. The [C]laimant has a fraud PUA overpayment of $9,585. The [C]laimant has a fraud FPUC overpayment of $10,800." Board Order at 1.

[6] We acknowledge the Board's claim that Claimant challenges only the Board's determination as to the PUA overpayment in the instant appeal. *See* Board's Br. at 5. We note, however, that Claimant appealed the Board Order, which affirmed the Referee's Decision that determined Claimant to be ineligible for PUA benefits as well as establishing the PUA and FPUC overpayments. *See* Referee's Decision at 5, C.R. at 106. Accordingly, and in consideration of the interrelatedness of the issues and Claimant's *pro se* status, we regard this appeal as challenging all aspects of the Board Order/Referee's Decision.

4

On appeal,[7] Claimant contends that the Board erred by imposing fraud overpayments for PUA and FPUC benefits received. *See generally* Claimant's Br.[8] Claimant claims that she filed for regular UC benefits and was directed by the Department to file for PUA benefits. *See* Claimant's Br. at 1 (pagination supplied). She argues repeatedly that she did not lie on her application for the purpose of receiving PUA benefits, but instead simply followed instructions given to her by Department personnel. *See* Claimant's Br. at 1-3. Claimant is not entitled to relief.

Initially, we note that

> the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227-28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

---

[7] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *see also Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[8] We observe that Claimant's brief consists of a four-page handwritten letter with a cover page that lists the parties and the docket number. *See generally* Claimant's Br. We acknowledge Claimant's explanation for failing to draft a proper brief before this Court. *See* Claimant's Br. at 4 (pagination supplied).

Section 2102(d)(4) of the CARES Act provides:

> In the case of individuals who have received amounts of [PUA] to which they were not entitled, the State shall require such individuals to repay the amounts of such pandemic unemployment assistance to the State agency, except that the State agency may waive such repayment if it determines that—
>
> > (A) the payment of such pandemic unemployment assistance was without fault on the part of any such individual; and
> >
> > (B) such repayment would be contrary to equity and good conscience.

15 U.S.C. § 9021. Further, regarding fraud overpayments, Section 625.14(a) of the Code of Federal Regulations, 15 U.S.C. § 9021, provides that,

> [i]f the State agency of the applicable State finds that an individual has received a payment of [P]UA to which the individual was not entitled under the Act and this part, whether or not the payment was due to the individual's fault or misrepresentation, the individual shall be liable to repay to the applicable State the total sum of the payment to which the individual was not entitled, and the State agency shall take all reasonable measures authorized under any State law or Federal law to recover for the account of the United States the total sum of the payment to which the individual was not entitled.

20 C.F.R. § 625.14(a). Moreover, Section 625.14(i) of the Code of Federal Regulations, 20 C.F.R. § 625.14(1), provides as follows:

6

(i) Disqualification for fraud. Any individual who, with respect to a [COVID-19 public health emergency],[9] makes or causes another to make a false statement or misrepresentation of a material fact, knowing it to be false, or knowingly fails or causes another to fail to disclose a material fact, in order to obtain for the individual or any other person a payment of [P]UA to which the individual or any other person is not entitled, shall be disqualified as follows:

(1) If the false statement, misrepresentation, or nondisclosure pertains to an initial application for [P]UA—

(i) The individual making the false statement, misrepresentation, or nondisclosure shall be disqualified from the receipt of any [P]UA with respect to that [COVID-19 public health emergency]; and

(ii) If the false statement, misrepresentation, or nondisclosure was made on behalf of another individual, and was known to such other individual to be a false statement, misrepresentation, or nondisclosure, such other individual shall be disqualified from the receipt of any [P]UA with respect to that [COVID-19 public health emergency]; and

(2) If the false statement, misrepresentation, or nondisclosure pertains to a week for which application for a payment of [P]UA is made—

(i) The individual making the false statement, misrepresentation, or nondisclosure shall be

_____

9 Section 2102(h) of the CARES Act specifies that, when applying the Federal Disaster Unemployment Assistance regulations to the PUA, the term "major disaster" will be substituted by the term "COVID-19 public health emergency" and the term "disaster" will be substituted by the term "pandemic." 15 U.S.C. § 9021(h).

disqualified from the receipt of [P]UA for that week and the first two compensable weeks in the [Pandemic] Assistance Period that immediately follow that week, with respect to which the individual is otherwise entitled to a payment of [P]UA; and

(ii) If the false statement, misrepresentation, or nondisclosure was made on behalf of another individual, and was known to such other individual to be a false statement, misrepresentation, or nondisclosure, such other individual shall be disqualified from the receipt of [P]UA for that week and the first two compensable weeks in the [Pandemic] Assistance Period that immediately follow that week, with respect to which the individual is otherwise entitled to a payment of [P]UA.

20 C.F.R. § 625.14(i).

Here, Claimant's initial application for PUA benefits stated that she was not working and had no gross wages for the weeks in question. *See* Claim Application Information Sheet, C.R. at 13. At the hearing before the Referee, Claimant admitted multiple times that she was in fact working, albeit at reduced hours, when she applied for PUA benefits. *See* N.T. at 4-5, C.R. at 98-99. Claimant further conceded that, despite working at the time, she did not report any earnings when she filed for PUA benefits. *See* N.T. at 4, C.R. at 98. Claimant claimed to have made these misleading statements and omissions at the direction of persons at the Department. *See* N.T. at 4-5, C.R. at 98-99.

We find no error in the Referee's conclusion regarding Claimant's ineligibility for PUA benefits or the overpayments on such benefits or, consequently, the FPUC benefits Claimant also received. Claimant admitted that she stated in her

8

application for PUA benefits that she was not employed and receiving no wages. She further conceded before the Referee that neither of these statements was true. Claimant did not provide the names of Department personnel with whom she allegedly spoke and from whom she received advice regarding her application, nor did she provide the dates on which such conversations allegedly occurred. *See* N.T. at 3-6, C.R. at 97-100. Further, Claimant provided no documentary evidence to support her claims. *See* N.T. at 3-6, C.R. at 97-100. Moreover, the Referee expressly rejected Claimant's testimony as not credible, which credibility determination the Board adopted, as was its right as the ultimate finder of fact. *See* Board Order at 1, C.R. at 125; *see also See* N.T. at 5, C.R. at 99; *Waverly Heights*, 173 A.3d at 1227-28. The Referee's factual findings and legal determinations adopted by the Board were supported by substantial evidence and free of legal error and thus are binding on this Court. *See Waverly Heights*, 173 A.3d at 1227-28. Accordingly, we find that the Board committed no error nor violated Claimant's constitutional rights by affirming the Referee's Decision.

For the above reasons, the Board Order is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Suzanne Donahue,                     :

               Petitioner     :

                                 :

        v.                         :

                                 :

Unemployment Compensation   :

Board of Review,               :    345 C.D. 2024

             Respondent   :

# **O R D E R**

AND NOW, this 8th day of May, 2025, the order of the Unemployment Compensation Board of Review dated December 20, 2023 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge